UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | |
| Plaintiff, | ) | 20 C 640 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| ANWER SHAHBAZ, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Anwer Shahbaz pleaded guilty to engaging in a drug conspiracy, 21 U.S.C. §§ 841(a)(1), 846, and to possessing a firearm in furtherance of a drug trafficking offense, 18 U.S.C. § 924(c)(1)(A). *United States v. Shahbaz*, 13 CR 744 (N.D. Ill), Dkts. 61, 104-105. In accord with the Government's U.S.S.G. § 5K1.1 motion and the parties' Criminal Rule 11(c)(1)(C) agreement, the court sentenced Shahbaz to 135 months in prison and five years of supervised release. *Id.*, Dkts. 243, 245. Shahbaz appealed, challenging certain of his supervised release conditions, and the Seventh Circuit affirmed due to his appeal waiver. *United States v. Shahbaz*, 753 F. App'x 401 (7th Cir. 2019).

Shahbaz now moves the court under 28 U.S.C. § 2255 to vacate his sentence, arguing that he received ineffective assistance of counsel during his detention hearing, grand jury appearance, plea negotiations, and sentencing. Docs. 1, 5. Shahbaz's motion is denied, and a certificate of appealability will not issue.

### Background

When addressing a § 2255 motion, the court must "review evidence and draw all reasonable inferences from it in a light most favorable to the government." *Carnine v. United*

1

*States*, 974 F.2d 924, 928 (7th Cir. 1992); *see also Messinger v. United States*, 872 F.2d 217, 219 (7th Cir. 1989) (similar). The pertinent facts are as follows.

Shahbaz and three co-defendants were charged by indictment with several offenses arising from their participation in a drug-trafficking organization. Dkt. 1. (Record citations to the docket in this § 2255 case, 20 C 640, are Doc. __, while record citations to the docket in the underlying criminal case, 13 CR 744, are Dkt. __.). A week before the indictment was handed down, Shahbaz testified before the grand jury and falsely minimized the extent of his participation in the enterprise. Dkt. 105 at 7. After the Government became aware of his lies, Shahbaz reappeared before the grand jury and admitted to participating in more serious conduct. *Ibid*. A superseding indictment followed, adding counts for conspiracy to possess with intent to distribute and distributing five kilograms or more of cocaine and a detectable amount of marijuana, 21 U.S.C. §§ 841, 846 (Count One), and possession of a firearm during a narcotics offense, 18 U.S.C. § 924(c)(1)(A) (Count Thirteen). Dkt. 61.

Shahbaz pleaded guilty to those two counts in a written plea agreement, with the understanding that the remaining counts would be dismissed at sentencing. Dkts. 104-105. Three points about the plea agreement are important here.

First, the parties agreed on Shahbaz's sentencing exposure. For Count One, he was subject to a minimum sentence of ten years' imprisonment and an advisory Sentencing Guidelines range of 120 to 135 months. Dkt. 105 at 12-13. The guidelines range reflected a two-level enhancement for obstruction of justice, U.S.S.G. § 3C1.1, and a three-level reduction for acceptance of responsibility, U.S.S.G. § 3E1.1. *Id*. at 11-12. For Count Thirteen, Shahbaz faced a mandatory consecutive five-year term of imprisonment, which brought his total minimum sentence to fifteen years. *Id*. at 12-13.

Second, Shahbaz agreed to cooperate with the Government in exchange for its promise to move pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e) for a downward departure and relief from the mandatory minimum prison term. *Id*. at 14-15. More precisely, the Government agreed to ask the court to "depart from the combined total of the following: (a) the low end of the applicable guideline range or the statutory minimum sentence of 10 years on Count One, whichever is higher; and (b) the statutory minimum consecutive term of imprisonment of five years on Count Thirteen." *Id*. at 14. To that end, the Government promised to request an agreed-upon sentence of 135 months. *Id*. at 15. And the parties agreed that the plea would be governed by Criminal Rule 11(c)(1)(C), meaning that "the parties … agreed that the sentence imposed by the Court shall include a term of imprisonment in the custody of the Bureau of Prisons of 135 months." *Ibid*.

Third, Shahbaz waived the right to challenge his conviction and sentence on direct appeal and collateral review if the Government moved for a downward departure. *Id*. at 20-21. Pertinent here, Shahbaz relinquished "his right to challenge his conviction and sentence, and the manner in which the sentence was determined … in any collateral attack or future challenge, including but not limited to a motion brought under [28 U.S.C. § 2255]." *Id*. at 21. The plea agreement set forth three exceptions to the appeal waiver, providing that it would not "apply to a claim of involuntariness," a claim of "ineffective assistance of counsel[] relat[ing] directly to this agreement or to its negotiation," or a claim for a sentence reduction "based directly on a change in the law that is applicable to [Shahbaz] and … expressly made retroactive" on collateral review. *Ibid*.

At sentencing, the Government moved the court to impose the agreed-upon 135-month prison term. The court granted that motion. Doc. 14-1 at 6. Shahbaz appealed, arguing that

3

certain of his supervised release conditions were unconstitutionally vague. *Shahbaz*, 753 F. App'x at 403. After finding that Shahbaz had executed a "knowing, voluntary, and unambiguous" appeal waiver, the Seventh Circuit dismissed the appeal. *Id*. at 403-04.

Shahbaz then timely filed the present § 2255 motion. Doc. 5.

## Discussion

Section 2255(a) provides: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "[R]elief under § 2255 is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007). Such relief is "appropriate only for an error of law that is jurisdictional, constitutional, or constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Harris v. United States*, 366 F.3d 593, 594 (7th Cir. 2004) (internal quotation marks omitted).

Shahbaz presses seven grounds for relief, each based on his trial counsel's alleged ineffectiveness. Doc. 5. Specifically, Shahbaz claims that counsel was ineffective: (1) by failing to inform him until presenting him with a third plea offer that the Government's first and second plea offers were not binding; (2) by failing to prepare him for grand jury proceedings and not objecting to certain questions during his grand jury testimony; (3) by not objecting to the obstruction of justice sentencing enhancement; (4) by neglecting to bring certain mitigating factors to the court's attention at sentencing; (5) by failing to address sentencing disparities as to his co-defendants; (6) by neglecting to prepare for his detention hearing and provide evidence for

4

bond; and (7) by failing to ensure that he received a two-point reduction in his offense level under Amendment 782 to the Sentencing Guidelines. *Id.* at 4-9, 14-20. Shahbaz contends that he should be resentenced with the assistance of newly appointed counsel due to his trial attorney's deficient performance. *Id.* at 20.

Shahbaz's claims arise under the Sixth Amendment, which grants criminal defendants the right to effective assistance of counsel. *See Blake v. United States*, 723 F.3d 870, 879 (7th Cir. 2013). To prevail on his claims, Shahbaz must show that: (1) his trial attorney's performance was deficient; and (2) he was prejudiced as a result. *See Strickland v. Washington*, 466 U.S. 668, 684-87 (1984); *Carter v. Douma*, 796 F.3d 726, 735 (7th Cir. 2015).

The court must determine at the outset which of Shahbaz's claims are properly before it. As a general matter, a defendant does not forfeit ineffective assistance claims by not raising them on direct appeal, and indeed "in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance." *Massaro v. United States*, 538 U.S. 500, 504 (2003). The trouble here is that Shahbaz waived the right to collaterally attack most aspects of his conviction and sentence. The Seventh Circuit has "generally upheld and enforced [collateral attack] waivers, with limited exceptions for cases in which the plea agreement was involuntary, the district court relied on a constitutionally impermissible factor (such as race), the sentence exceeded the statutory maximum, or the defendant claims ineffective assistance of counsel in connection with the negotiation of [the plea] agreement." *Keller v. United States*, 657 F.3d 675, 681 (7th Cir. 2011) (internal quotation marks omitted, second alteration in the original). Collateral attack waivers are enforceable if two conditions are met. First, "[t]he plea agreement must clearly state that the defendant waives his right to collaterally attack his

5

conviction or sentence *in addition to* waiving his right to a direct appeal." *Ibid*. Second, the claim at issue "must fall within [the] scope" of the waiver. *Ibid*.

The first requirement is plainly satisfied. Dkt. 105 at 20-21 (setting forth Shahbaz's "[w]aiver of appellate and collateral rights"). As for the second, only one of Shahbaz's claims survives the waiver. Recall that the waiver exempts only "a claim of involuntariness," a claim of "ineffective assistance of counsel[] relat[ing] directly to this agreement or to its negotiation," or a claim for a sentence reduction "based directly on a change in the law that is applicable to [Shahbaz] and … expressly made retroactive" on collateral review. *Id*. at 21. The only potentially applicable exception is for ineffective assistance claims relating to the plea agreement or its negotiation—a matter that *Keller* in any event places outside the scope of a legitimate waiver. Shahbaz's claims concerning his appearance before the grand jury, his bond proceedings, and his sentencing fall outside that exception. The only claim falling within the exception is his first claim, which concerns his plea negotiations and plea agreement.

The gist of that claim is that counsel failed to inform Shahbaz until presenting him with the Government's third plea offer (for 135 months) that its first and second plea offers (for 72 and 96 months, respectively) were not binding. According to Shahbaz, after the initial indictment, his attorney presented him with a plea offer from the Government, which called for a 72-month sentence and which he signed. Doc. 5 at 14. Then, after the grand jury returned the superseding indictment, Shahbaz says that he was offered and signed a second plea deal "in which 96 months of imprisonment was stipulated due to the greater quantity of drugs and the [§ 924(c)(1)(A)] gun charge." *Ibid*. In his telling, the Government's third and final offer of 135 months took him by "surprise[]" because his attorney did not inform him "that the other pleas were not binding and that they would be used as a negotiating tool." *Id*. at 15. Shahbaz claims

6

that he was prejudiced by counsel's performance because he would have received a lower sentence had he been provided effective assistance, and as relief he seeks an order requiring that he be given the benefit of the second (96-month) plea offer. *Id.* at 16.

The right to the effective assistance of counsel applies to plea bargaining, just as it does at trial. *See Lafler v. Cooper*, 566 U.S. 156, 162 (2012); *Martin v. United States*, 789 F.3d 703, 706 (7th Cir. 2015). The familiar two-part *Strickland* test applies. For the first component, Shahbaz must show that his counsel's performance "'fell below an objective standard of reasonableness.'" *Blackmon v. Williams*, 823 F.3d 1088, 1102-03 (7th Cir. 2016) (quoting *Strickland*, 466 U.S. at 688). "In the plea-bargaining context, … a reasonably competent lawyer will attempt to learn all of the relevant facts of the case, make an estimate of a likely sentence, and communicate the results of that analysis to the client before allowing the client to plead guilty." *Spiller v. United States*, 855 F.3d 751, 755 (7th Cir. 2017) (internal quotation marks omitted). In addition, counsel must "tell their clients about offers of plea bargains … [and] explain[] the material terms of the prosecutor's offer." *Estremera v. United States*, 724 F.3d 773, 778 (7th Cir. 2013). As for the second component, prejudice, Shahbaz must show "a reasonable probability that the end result of the criminal process would have been more favorable by reason of a plea to a lesser charge or a sentence of less prison time." *Missouri v. Frye*, 566 U.S. 134, 147 (2012). Specifically, Shahbaz "must show that but for the ineffective advice of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed." *Lafler*, 566 U.S. at 164.

Shahbaz's claim falls short. A § 2255 movant alleging ineffective assistance during plea negotiations must make "*some* threshold showing of the evidentiary basis, beyond mere conclusory allegations, that supports a finding that the [G]overnment in fact offered a plea deal." *Martin*, 789 F.3d at 707. However, for both the first and second alleged plea offers, Shahbaz does not provide "a copy of the proposed agreement, correspondence concerning the plea, an affidavit from counsel, a statement as to when or by whom the offer was made, a detailed account of the material terms of the plea agreement, [or] an entry on the docket setting a date for change of plea … ." *Ibid*. Shahbaz's claim accordingly fails on the merits at the threshold. *See ibid.* ("Because Martin has failed to present *any evidence*, apart from his vague and conclusory allegations, showing that the government in fact offered a 30-year plea agreement, we hold that the district court did not abuse its discretion in summarily dismissing his petition."); *Gallo-Vasquez v. United States*, 402 F.3d 793, 798 (7th Cir. 2005) (holding that the defendant presented no evidence that the Government offered him a plea deal where his motion did "not attach a copy of the proposed agreement, state when or by whom the offer was made, or give any details other than to assert that it contemplated a 48-month sentence").

Shahbaz's claim as to the 72-month plea offer fails on a second, independent ground. Even if his counsel miscommunicated the effect of that (alleged) offer, Shahbaz has not shown that he suffered any prejudice. *See United States v. Taylor*, 569 F.3d 742, 748 (7th Cir. 2009) ("Courts may deny ineffective assistance of counsel claims for lack of prejudice without ever considering the question of counsel's actual performance."). According to Shahbaz, the Government offered him a 72-month plea deal in the wake of his initial indictment. Doc. 5 at 14. At that time, he was charged with violations of 21 U.S.C. § 846 that involved only a detectable amount of cocaine and marijuana, which carried no mandatory minimum sentence, *see* 21 U.S.C.

8

§ 841(b)(1)(C). Dkt. 1. If there in fact was such a deal, Shahbaz has only himself to blame for its falling through because, as he admitted in his plea agreement, he "knowingly provided false testimony before a federal grand jury regarding the extent of his role and participation in the" drug enterprise. Dkt. 105 at 7. When the Government discovered that Shahbaz had testified falsely, it understandably took steps to secure a superseding indictment bringing more serious charges that carried a combined 15-year minimum sentence. Dkt. 61.

Given this backdrop, Shahbaz cannot show a "reasonable probability" that the Government would not have withdrawn the 72-month plea offer upon learning of his false grand jury testimony. *Lafler*, 566 U.S. at 164; *see also United States v. Springs*, 988 F.2d 746, 749 (7th Cir. 1993) ("Prosecutors need not offer discounts and may withdraw their offers on whim."); *United States v. Hall*, 212 F.3d 1016, 1022 (7th Cir. 2000) ("[T]he successful negotiation of a plea agreement involves factors beyond the control of counsel, including … the cooperation of the prosecutor, who has no obligation to offer such an agreement."). It follows, even putting aside the fatal lack of evidence, that Shahbaz has no viable ineffective assistance claim as to the first (alleged) plea offer.

## Conclusion

Shahbaz's § 2255 motion is denied. Rule 11(a) of the Rules Governing Section 2255 Cases provides that the district court "must issue or deny a certificate of appealability [('COA')] when it enters a final order adverse to the applicant." The applicable standard is as follows:

> To obtain a COA under § 2253(c), a habeas prisoner must make a substantial showing of the denial of a constitutional right, a demonstration that … includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (internal quotation marks omitted).

9

The court's denial of Shahbaz's § 2255 motion relies on settled precedents and principles. The application of those precedents and principles to Shahbaz's claims does not present difficult or close questions, so his motion does not meet the applicable standard for granting a certificate of appealability. The court therefore denies a certificate of appealability.

September 21, 2020

_____
United States District Judge

10